Jack HIDAHL and Cindy Hidahl, individually and as next friends on behalf of Tore Hidahl and Tad Hidahl, Plaintiffs–Appellants,

v.

GILPIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Susie Lala, individually and as an employee of the Gilpin County Department of Social Services, Jane Felix, individually and as an employee of the Gilpin County Department of Social Services, Mary Mason, individually and as an employee of the Gilpin County Department of Social Services, Gilpin County Sheriff's Office, John Bayne, individually and as Deputy Sheriff for the Gilpin County Sheriff's Office, the Board of County Commissioners of the County of Gilpin and the Board of Social Services for the County of Gilpin, Defendants–Appellees,

v.

The CITY OF CENTRAL, Third Party Defendant–Appellee.

No. 90–1074.

United States Court of Appeals, Tenth Circuit.

July 16, 1991.

Joe Pickard of White & Pickard, Denver, Colo. (Claudia D. Miller of Frazer & Miller, Lakewood, Colo., with him on the briefs), for plaintiffs-appellants.

James J. Petrock of Petrock, Fendel & Dingess, P.C., Denver, Colo., for defendants-appellees.

Paul E. Collins (James E. Goldfarb of Greengard Senter Goldfarb & Rice, with him on the brief), Denver, Colo., for The City of Central, third party defendant-appellee.

Before McKAY, ALDISERT* and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

This appeal concerns an action brought under 42 U.S.C. § 1983 seeking redress for

* Honorable Ruggero J. Aldisert, United States Senior Circuit Judge for the Third Circuit Court of Appeals, sitting by designation.

alleged violation of constitutional and statutory rights.

Jack and Cindy Hidahl, husband and wife, individually and as next friends on behalf of their minor children, Tore and Tad Hidahl, brought a civil rights action for money damages and declaratory relief under 42 U.S.C. §§ 1983 and 1988 and 42 U.S.C. §§ 671 and 672. Named as defendants were the following: (1) the Gilpin County Department of Social Services; (2) the Colorado State Department of Social Services; (3) Susie Lala, Jane Felix, and Mary Mason, individually and as employees of the Gilpin County Department of Social Services; (4) the Gilpin County Sheriff's Office; (5) John Bayne, individually and as deputy sheriff for the Gilpin County Sheriff's Office; (6) the Board of County Commissioners of the County of Gilpin; and (7) the Board of Social Services for the County of Gilpin.

The gist of the Hidahls' complaint was that the defendants, acting under the color of state law, violated the Hidahls' constitutional and statutory rights by: (1) improperly conducting a child abuse investigation; (2) improperly filing a dependency and neglect action against Jack and Cindy Hidahl; and (3) improperly removing the two Hidahl children from the Hidahls' home.

One defendant, the Colorado State Department of Social Services ("CSDSS"), filed a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). It also requested an award of costs and attorneys' fees under 42 U.S.C. § 1988 and Fed. R.Civ.P. 11. CSDSS contended, *inter alia,* that the district court lacked subject matter jurisdiction because the Hidahls' action was barred by the Eleventh Amendment to the United States Constitution. The district court agreed and dismissed the Hidahls' claims against CSDSS on the ground that such claims were barred by the Eleventh Amendment.

The district court also held that although 42 U.S.C. § 1988 did not authorize an award of costs and attorneys' fees to

CSDSS, costs and attorneys' fees were authorized under Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. Accordingly, the district court ordered counsel for the Hidahls—not the Hidahls—to pay CSDSS its costs and attorneys' fees reasonably incurred in defending the action. In this latter connection, the district court ordered counsel to confer and in good faith attempt to agree on an appropriate award of costs and attorneys' fees. The district court's order now appears as *Hidahl v. Gilpin County Dep't of Social Services*, 699 F.Supp. 846 (D.Colo. 1988). The chronology of events out of which this litigation arose is set forth there and will not be repeated in any detail here. There apparently was no appeal from the district court's order dismissing the Hidahls' action against CSDSS and awarding the latter costs and attorneys' fees.

The remaining defendants also filed a motion to dismiss under Fed.R.Civ.P. 12(b)(1) and 12(b)(6), alleging, *inter alia,* that they were entitled to qualified immunity. In an order dated December 28, 1989, the district court granted that motion as to certain defendants, and denied it as to other defendants. Specifically, the motion to dismiss was denied as to the Gilpin County Department of Social Services and the Gilpin County Board of Social Services. The motion to dismiss was also denied as to the Gilpin County Board of County Commissioners and the Gilpin County Sheriff's Office. However, the motion to dismiss was granted as to Susie Lala, Jane Felix and Mary Mason, all employees of the Gilpin County Department of Social Services, and John Bayne, a deputy sheriff in the Gilpin County Sheriff's Office. The latter will hereinafter be referred to collectively as "the defendants." The Hidahls filed a motion to reconsider the district court's order of dismissal of their claim against the defendants, which motion was denied. The Hidahls appeal from the December 28, 1989 order of the district court, made final pursuant to Fed.R.Civ.P. 54(b) by an order dated February 16, 1990. We affirm.

In dismissing the Hidahls' complaint against the defendants, the district court held, in effect, that the allegations set forth in the complaint were not sufficient to show that the defendants' conduct violated clearly established constitutional or statutory rights of the plaintiffs which a reasonable person would have known were being violated by such conduct, and that accordingly the defendants, three of whom were employees of the Gilpin County Department of Social Services and one of whom was an employee in the Gilpin County Sheriff's Office, were, under the circumstances described in the complaint, entitled to qualified immunity. In thus holding, the district court relied on its prior ruling in *Whitcomb v. Jefferson County Dep't of Social Services*, 685 F.Supp. 745 (D.Colo. 1987). Having found qualified immunity, the district court noted that it need not address the issue of absolute immunity.

At the outset, we reject any suggestion that the district court granted summary judgment in favor of the defendants. In its order, the district court never mentioned summary judgment and specifically referred to the defendants' motion as one to dismiss under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Further, there was very little of an evidentiary nature before the district court when it granted defendants' motion to dismiss, and there is nothing to indicate that in granting defendants' motion to dismiss the district court took into consideration matters outside the four corners of the complaint. Accordingly, we are not here concerned with summary judgment, but with a motion to dismiss under Fed.R. Civ.P. 12(b)(1) and 12(b)(6).

As indicated above, the Hidahls in their complaint alleged that their cause of action was brought pursuant to 42 U.S.C. §§ 1983 and 1988, and 42 U.S.C. §§ 671 and 672. 42 U.S.C. § 1983 provides that a person acting under the color of state law who causes another to be deprived of his, or her, rights, privileges, or immunities secured by the United States Constitution or laws of the United States shall be liable to the party thus injured. 42 U.S.C. § 1988 "does not create independent causes of action, it simply 'defines procedures under which remedies may be sought in civil rights actions.'" *Schroder v. Volcker*, 864 F.2d 97, 99 (10th Cir.1988) (quoting *Brown*

*v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985)). 42 U.S.C. §§ 671 and 672 are part of the Adoption Assistance and Child Welfare Act and concern federal funding for approved state plans for foster care and adoption assistance.

This action having been resolved on a Fed.R.Civ.P. 12(b)(1) and 12(b)(6) motion to dismiss, we are of course concerned with the contents of the complaint as such relate to these defendants. We are not concerned with the remaining defendants in the proceeding still pending in the district court.

In their complaint the Hidahls alleged that the defendants, acting under the color of state law, violated their constitutional rights to privacy, to family relations, to substantive and procedural due process, and to be free from illegal searches. They also alleged that the defendants violated rights secured them by 42 U.S.C. §§ 671 and 672. As indicated, the gravamen of the complaint was that the defendants improperly conducted an investigation of child abuse, improperly filed a dependency and neglect action, and improperly removed the two minor children from the Hidahls' home on December 9, 1986.

More specifically, in their complaint the Hidahls alleged that on March 27, 1986, employees of the Gilpin County Department of Social Services filed a petition in dependency and neglect against the Hidahls alleging emotional abuse of their son, Tore, and that at a hearing held on June 20, 1986, the petition was dismissed without prejudice. The Hidahls further alleged that on September 18, 1986, shortly after the birth of the Hidahls' second child, Tad, a second petition in dependency and neglect was filed against the Hidahls alleging emotional abuse of both children. According to the complaint, at a hearing held on October 3, 1986, the Hidahls and the Gilpin County Department of Social Services entered into an informal agreement which required the Hidahls to provide counseling for Tore and

to participate in counseling themselves, to furnish a copy of an alcohol evaluation for Jack Hidahl, and to allow the Gilpin County Department of Social Services to supervise the family.

The Hidahls went on to allege in their complaint that on December 9, 1986, at approximately 11:00 p.m., two employees from the Gilpin County Department of Social Services (Lala and Felix), one representative from the Gilpin County Sheriff's Office (Bayne), and a representative from the Central City Police Department[1] went to the Hidahl home to conduct a child abuse investigation. This investigation, according to the complaint, was in response to an erroneous child abuse report and resulted in the two Hidahl children being removed from the Hidahl home. Following the children's removal, the second petition in dependency and neglect filed September 18, 1986, was amended to include allegations of physical abuse. That petition was tried and dismissed on March 13, 1987. The Hidahls filed this action on September 26, 1988.

The defendants moved to dismiss the Hidahls' complaint, arguing, *inter alia*, that, under the circumstances described in the complaint, they were entitled to qualified immunity. As indicated, the district court agreed and dismissed the action against the defendants on the ground that they were entitled to qualified immunity. We agree.

With this factual background in mind, we reiterate that we are here concerned with whether the Hidahls' complaint sets forth a cause of action under 42 U.S.C. § 1983 based on a claimed deprivation by the defendants of the Hidahls' constitutional and statutory rights. We are not concerned with whether the Hidahls might conceivably have a cause of action under some other federal statute, or under a state statute.

---

1. Although such does not appear in the record before us, we are advised that shortly after the district court's ruling on the motion to dismiss here in question, the Gilpin County Department of Social Services, the Gilpin County Sheriff's Office, the Gilpin County Board of Social Services, and the Gilpin County Board of County Commissioners filed a third party complaint against the City of Central, seeking declaratory relief, indemnification and contribution. The City of Central appears before this court as a third party defendant-appellee.

■ The Hidahls' basic argument on appeal is that the question of whether the defendants acted in good faith presented a genuine issue of material fact which could not be resolved on a motion to dismiss.[2] In this regard, our reading of the complaint fails to disclose any allegation that the defendants acted in bad faith or with malice. Be that as it may, the question of whether bad faith vis-a-vis good faith in a § 1983 action can be resolved short of actual trial has been resolved by *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In fact, the rationale of *Harlow* is virtually dispositive of this appeal.

In *Harlow,* A. Ernest Fitzgerald lost his job as a management analyst with the Department of the Air Force during a departmental reorganization and a reduction in forces. He then brought suit against the then President of the United States, Richard M. Nixon, and certain of his aides, charging an unlawful retaliatory discharge. The Supreme Court eventually held that former President Nixon was entitled to absolute immunity, *see Nixon v. Fitzgerald,* 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982), and that President Nixon's aides, Bryce Harlow and Alexander Butterfield, were entitled to qualified immunity. *Harlow,* 457 U.S. 800, 102 S.Ct. 2727.

In *Harlow,* the Supreme Court stated that the resolution of immunity questions necessarily involves a balance between "the evils inevitable in any available alternative." *Id.* at 813–14, 102 S.Ct. at 2736. In so stating, the Supreme Court recognized that, on the one hand, a public official may, on occasion, abuse his office, and that, on the other hand, and perhaps more frequently, an indignant private citizen

may also initiate a groundless claim against an honest official who is simply carrying out his duties. Be that as it may, the Supreme Court in *Harlow* specifically rejected the suggestion that a claim by a plaintiff of bad faith or malice on the part of a government official requires a trial.[3] The Supreme Court described the applicable rule in the following language:

> Consistently with the balance at which we aimed in *Butz,* we conclude today that bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery. We therefore hold that government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

*Id.* at 817–18, 102 S.Ct. at 2738 (citations and footnote omitted).

As indicated, the reason urged in this court by the Hidahls for reversal is that in granting the defendants' motion to dismiss, the district court foreclosed them from litigating to a jury the question of whether the defendants acted in bad faith or with malice. Under *Harlow,* even an allegation of malice, which was not made in the instant case, is insufficient to subject a defendant in a proceeding of this sort "to the costs of trial or to the burdens of broad-reaching discovery."

Further, we are not inclined to disturb the district court's holding that the Hidahls' complaint does not measure up to the *Harlow* requirement that the complaint show that the conduct of the defendants violated clearly established constitutional

---

**2.** In their brief, the Hidahls contend that the district court erred in presuming the existence of good faith on the part of the defendants and that there were genuine issues of material fact as to whether the defendants acted in good faith.

**3.** *Harlow,* of course, was not a § 1983 action. However, in *Harlow,* the Supreme Court in footnote 30, page 818, 102 S.Ct. page 2738, citing *Butz v. Economou,* 438 U.S. 478, 504, 98 S.Ct. 2894, 5909–10, 57 L.Ed.2d 895 (1978), noted

that, "for purposes of immunity law," it would be "untenable" to distinguish between suits brought under § 1983 against state officials and suits brought against federal officials under the Constitution. *See also Davis v. Scherer,* 468 U.S. 183, 194 n. 12, 104 S.Ct. 3012, 3019 n. 12, 82 L.Ed.2d 139 (1984), *reh'g denied,* 468 U.S. 1226, 105 S.Ct. 26, 82 L.Ed.2d 919 (1984), (stating that although "*Harlow* was a suit against federal, not state, officials.... the same qualified immunity rules apply in suits against state officers under § 1983").

or statutory rights of which a reasonable person would, or should, have known.[4] We are not persuaded by *Good v. Dauphin County Social Services,* 891 F.2d 1087 (3rd Cir.1989), on which the Hidahls rely. The facts there differ from the facts alleged in the Hidahls' complaint. In *Good,* the constitutional right involved was the right to be free from warrantless and unreasonable searches found in the Fourth and Fourteenth Amendments. Further, in *Good,* the plaintiffs alleged a strip search in the context of a forced entry into their residence. In any event, *Good* is a Third Circuit case which was decided after the operative facts in the instant case occurred and certainly these defendants cannot be charged with a failure to anticipate *Good.* A defendant in a § 1983 action is not required to anticipate changes in the law, and the reasonableness of his conduct is to be judged by the state of the law at the time of his conduct. *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738; *Flanagan v. Munger,* 890 F.2d 1557, 1567 (10th Cir.1989). In this general connection, the district court observed that, after accepting all of the Hidahls' allegations in their complaint as being true, there was no case law cited by the Hidahls to support their contention that the conduct of these defendants violated clearly established constitutional or statutory rights. The district court also stated that no case had been cited by the Hidahls where a defendant had been held liable under § 1983 on facts which had "some factual correspondence" to the alleged actions of these defendants.

In *Eastwood v. Department of Corrections of State of Okla.,* 846 F.2d 627 (10th Cir.1988), we said that "recovery under § 1983 [would] only be allowed if the official's unlawfulness is apparent in light of the pre-existing law," although the particular action in question need not have been previously held unlawful. *Id.* at 630. Hence, while there need not be "strict [or precise] factual correspondence between the cases establishing the law and the case

at hand," there must nonetheless be "some ... factual correspondence." *Id.*

In *Schalk v. Gallemore,* 906 F.2d 491 (10th Cir.1990), we quoted with approval language to the effect that *Harlow* places a presumption in favor of immunity for public officials acting in their individual capacities. *Id.* at 499 (quoting *Melton v. City of Oklahoma City,* 879 F.2d 706, 728–29 (10th Cir.), *reh'g granted on other grounds,* 888 F.2d 724 (1989)). Similarly, in *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986), the Supreme Court stated that "[a]s the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law."

Finally, in *Lutz v. Weld County School Dist. No. 6,* 784 F.2d 340, 342–43 (10th Cir.1986), we stated that in a § 1983 action, where the defense of qualified immunity is raised, it becomes the plaintiff's burden to convince the court that the law was "clearly established" at the time of the defendant's conduct. And the "plaintiff's failure to do so ... calls for entry of judgment in favor of the defendants who have plead the defense." *Id.* at 343. We agree with the district court's holding that taking all of the complaint's allegations as true, no case law cited by the Hidahls supports their assertions that the defendants' actions violated "clearly established" constitutional or statutory rights of which a reasonable person would have known.

Judgment affirmed.

---

**4.** A constitutional or statutory right is "clearly established" if "[t]he contours of the right [are] ... sufficiently clear that a reasonable official would understand that *what he is doing violates* *that right.*" (emphasis added). *Anderson v. Creignton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).