**Willis JONES, Plaintiff,**

v.

**Mike NELSON, et al., Defendants.**

**No. 93–3159–DES.**

United States District Court, D. Kansas.

Aug. 5, 1994.

Willis Jones, pro se.

John J. Knoll, Office of the Atty. Gen., Kansas Judicial Center, Topeka, KS, for defendants.

*MEMORANDUM AND ORDER*

SAFFELS, District Judge.

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by an inmate while he was incarcerated at El Dorado Correctional Facility (EDCF) in El Dorado, Kansas.

Plaintiff complains the defendants violated his First, Eighth, and Fourteenth Amendment rights. It appears that plaintiff's chief complaint is that employees and officials of the EDCF subjected him to cruel and unusual punishment. Also, plaintiff asserts that employees and officials of EDCF violated his First Amendment rights when he was given a disciplinary report for calling a correctional officer a "bitch." Plaintiff seeks declaratory relief and compensatory and punitive damages in the amount of $95,000.

Defendants herein have outlined a detailed statement of facts in their memorandum in support of defendants' motion for summary judgment entitled statement of uncontroverted facts. There are no major differences in this statement of facts and those limited, believable facts alleged by plaintiff. The court adopts the defendants' statement of facts as the facts of the case and incorporates same into this memorandum and order by reference.

This matter is before the court on defendants' motion for summary judgment.

A court shall render summary judgment upon a showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c). The rule provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1985). The substantive law identifies which issues are material. *Id.* at 248, 106 S.Ct. at 2510. A dispute over a material fact is genuine when the evidence is such that a reasonable jury could find for the nonmovant. *Id.* Only genuine disputes over facts that might affect the outcome of the suit under the governing law will preclude the entry of summary judgment. *Id.*

The movant has the initial burden of showing the absence of a genuine issue of material fact. *Shapolia v. Los Alamos Nat. Laboratory,* 992 F.2d 1033, 1036 (10th Cir.1993). The movant may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the [nonmovant's] case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The movant need not negate the nonmovant's claim. *Id.* at 323, 106 S.Ct. at 2553. Once the movant makes a properly supported motion, the nonmovant must do more than merely show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Industrial Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1985). The nonmovant must go beyond the pleadings and, by affidavits or the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is some genuine issue for trial. Fed.R.Civ.P. 56(c). *See also Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553 (interpreting 56(e)).

Rule 56(c) requires the court to enter summary judgment against a nonmovant who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. Such a complete failure of proof on an essential element of the nonmovant's case renders all other facts immaterial. *Id.* at 323, 106 S.Ct. at 2553.

When examining a motion for summary judgment, the court must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence. *See, e.g., United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986) (stating that "[t]he court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues").

Essentially, the court performs the threshold inquiry of determining whether a trial is necessary. *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. That is, the court decides whether there are any genuine factual issues that can be resolved only by a trier of fact because they reasonably may be resolved in favor of either party. *Id.*

While the court must construe plaintiff's complaint liberally, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30

L.Ed.2d 652 (1972), and consider the record in a light most favorable to the non-moving party, the plaintiff in the present case has failed to demonstrate that there are any genuine issues of material fact preventing the granting of summary judgment. The plaintiff's claims regarding collusion by the defendants are factually unsupported and are merely conclusory allegations. Such conclusory allegations are not sufficient to establish constitutional violations. *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir.1981). Applying these standards to plaintiff's complaint, the defendants are entitled to judgment as a matter of law and the court so finds.

Defendants did not act with deliberate indifference to plaintiff's safety needs, thus subjecting him to cruel and unusual punishment and the court so finds.

■ Plaintiff asserts that the actions of Officers Ingram, Summers, Marks and Bottorff in detaining him and placing him into segregation constituted cruel and unusual punishment and violated his Fourteenth Amendment rights due to the officers' use of excessive force. In *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the United States Supreme Court discussed *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), and distinguished excessive force claims brought by free citizens from such claims brought by incarcerated individuals. The standard set forth in *Whitley* controls the present case. In *Whitley*, the Court stated that, " '[a]fter incarceration, only the 'unnecessary and wanton infliction of pain' ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment" (citations omitted. *Id.* at 319, 106 S.Ct. at 1084.)

The Court further noted that the "Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners in cases such as this one, where the deliberate use of force is challenged as excessive and unjustified." *Id.* at 327, 106 S.Ct. at 1088. The Court concluded that the Due Process Clause provides no greater protection than the Cruel and Un-

usual Punishment Clause. *Id.* at 327, 106 S.Ct. at 1088.

■ This court must determine " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' (citations omitted.)" *Id.* at 320–21, 106 S.Ct. at 1084–85. The relevant factors in making this determination include (1) the need for the application of force; (2) the relationship between the need and amount of force used; and (3) the extend of injury inflicted. *Id.* The standard set out above is sensitive to the highly-charged prison environment. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied sub nom. John v. Johnson*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). An officer's use of force is entitled to deference by the courts because their decisions are made " 'in haste, under pressure, and frequently without the luxury of a second chance.' " *Hudson v. McMillian*, 503 U.S. 1, ——, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992); *Whitley*, 475 U.S. at 320, 106 S.Ct. at 1084.

■ Plaintiff's First Amendment rights were not violated when he received a disciplinary report for calling a correctional officer a "bitch" and the court so finds.

Every inmate subject to the jurisdiction of the Department of Corrections is bound by the regulations in the inmate rule book distributed by the secretary of corrections. Regulation 44–12–305 states "Inmates shall be attentive and respectful towards employees, visitors, and officials. The showing of disrespect, directly or indirectly, or being argumentative in any manner shall be considered insubordination." Inmate Jones violated this regulation when he called Officer Piper a "bitch." Although Jones claims the remark was actually directed at another inmate, there is no evidence to establish this claim. His actions show blatant disrespect towards Officer Piper and are contrary to the penological interest of maintaining the control and discipline so necessary in the setting of a correctional facility. The issuance of a disciplinary report for such conduct is in

986

accord with the regulation and was not given for the express reason of stifling Jones's right to free speech. No First Amendment violation occurred and the court so finds.

■ In addition to the above, plaintiff's claim for damages is totally barred by defendants' Eleventh Amendment immunity and the court so finds. *See Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985); *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). Also, good faith qualified immunity is available to defendants as a defense and the court so finds. *See Procunier v. Navarette,* 434 U.S. 555, 561–62, 98 S.Ct. 855, 859–60, 55 L.Ed.2d 24 (1978); *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975); *Gallegos v. City and County of Denver,* 984 F.2d 358, 361 (10th Cir.1993); *Butz v. Economou,* 438 U.S. 478, 507–08, 98 S.Ct. 2894, 2911–12, 57 L.Ed.2d 895 (1978); *Hidahl v. Gilpin County DSS,* 938 F.2d 1150–1155 (10th Cir.1991).

Based on the entire record in this case and all of the above, the court finds that the motion for summary judgment filed herein on behalf of all defendants should be granted and that no evidentiary hearing is required to decide this case.

**BY THE COURT IT IS SO ORDERED.**