**Durand K. DICKERSON, Plaintiff,**

v.

**LEAVITT RENTALS, et al., Defendants.**

**Civil Action No. 97–2584–EEO.**

United States District Court,
D. Kansas.

Feb. 11, 1998.

Durand K. Dickerson, pro se.

William E. Pray, Leavenworth, KS, for Leavitt Rentals, Paul Leavitt and Deborah M. Leavitt.

Brian G. Boos, James M. Yeretsky, Yeretsky & Maher, L.L.C., Kansas City, MO, for G. Ronald Bates, Jr. and Crow, Clothier & Bates.

Ernest C. Ballweg, Johnston, Ballweg & Tuley, L.C., Overland Park, KS, for Patrick E. Henderson and Duncan, Senecal Law Offices, Chartered.

John R. Dowell, Office of Attorney General, Topeka, KS, for Phillip Lacey and David J. King.

Michael T. Jilka, Wendell F. Cowan, Jr., Shook, Hardy & Bacon L.L.P., Overland Park, KS, for Board of County Com'rs of Leavenworth County, Wayne Eldridge, Donald Navinsky, Robert Adams, Jim Murry, Shirley Pendergraft and Herbert Nye.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

This matter is before the court on the motions to dismiss of all defendants (Doc. 17, 21, 27, 29, 39, 40), plaintiff's motions for entry of default (Doc. 24, 25, 26, 30, 32, 34, 36, 45, 47, 53, 62), and plaintiff's motions to strike defendants' motions to dismiss (Doc. 43, 49, 51, 61). Plaintiff's motions to strike will be considered as memoranda in opposition to defendants' motions to dismiss. After carefully considering the parties' briefs, the court is prepared to rule. For the reasons set forth below, defendants' motions to dismiss will be granted and plaintiff's motions for entry of default will be denied.

### Factual Background

This is a civil rights action in which plaintiff Durand K. Dickerson seeks to recover damages from various defendants in the aggregate of $37,500,000.00. The following is a brief summary of the underlying dispute.

This case arises out of a landlord-tenant dispute between Mr. Dickerson and defendants Leavitt Rentals, Paul Leavitt, and Deborah Leavitt. In August 1996, the Leavitts filed suit against Mr. Dickerson seeking to have him evicted from the commercial property owned by the Leavitts. Mr. Dickerson retained defendants Duncan Senecal Law Offices ("Duncan") and Patrick E. Henderson to represent him in the state court action. The Leavitts retained defendant G. Ronald Bates, Jr., of the firm of Crow, Clothier & Bates ("Crow") to represent them. The Leavitts ultimately prevailed against Mr. Dickerson in state court. Mr. Dickerson appealed the district court's judgment to the Kansas Court of Appeals.

Throughout the last few months of 1996 and the first few months of 1997, the Leavitts apparently filed several actions against Mr. Dickerson after serving Mr. Dickerson with Ten Day Notices To Quit based on various alleged lease violations. On January 14, 1997, Judge King entered a writ of restitution and execution order in one of the actions filed against plaintiff. Plaintiff apparently appealed the court's order.

In February 1997, after the Leavitts had filed another action against Mr. Dickerson, Mr. Henderson declined to represent Mr. Dickerson. Mr. Dickerson retained defendant Michael J. Waite. On February 28, 1997, Judge Lacey signed a Journal Entry of Judgment ordering Mr. Dickerson evicted from the leased premises. Plaintiff apparently appealed this judgment the same day. Pursuant to the Journal Entry of Judgment, Sheriff Herbert Nye evicted Mr. Dickerson from the Leavitts' property. Judge Lacey subsequently denied Mr. Dickerson's motion for stay and temporary injunction.

On April 2, 1997, Judge King signed a writ of execution in one of the actions the Leavitts filed against plaintiff. Plaintiff claims he was not properly served with notice of the writ. Plaintiff inquired of Shirley Pendergraft and Lt. Donald Murray of the Sheriff's Department regarding the failure to provide notice. Despite the alleged absence of service on plaintiff, plaintiff filed a motion to stay the order of execution and sale, which the court granted.

On June 27, 1997, after various other legal proceedings, a Sheriff's Sale was held to dispose of plaintiff's property. The Leavenworth Board of County Commissioners and Sheriff Nye apparently were involved in the sale. On July 8, 1997, the court entered judgment against plaintiff in the amount of $9,076.70. Plaintiff appealed this judgment. On August 11, 1997, funds from plaintiff's bank account were garnished. It is unclear from the factual record whether plaintiff's appeals have been resolved by the Kansas Court of Appeals.

In sum, plaintiff has filed this civil rights action against nearly everyone involved in the above state court cases, including his own attorneys, the Leavitts, the Leavitts' attorney, two of the judges of the Leavenworth County District Court, the Sheriff who evicted plaintiff pursuant to court order, two employees of the Sheriff's department, as well as the Leavenworth Board of County Commissioners, and its individual members. Plaintiff has filed his complaint pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1988, alleging violations of his rights protected by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

*Legal Standards For Motions To Dismiss A Pro Se Litigant's Complaint*

■ A federal court will construe liberally a pro se litigant's pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Fratus v. DeLand,* 49 F.3d 673, 675 (10th Cir.1995). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *see Meade v. Grubbs,* 841 F.2d 1512, 1526 (10th Cir. 1988). Nevertheless, a pro se litigant is still obligated to follow the same rules of procedure as any other litigant. *See Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir.1992), *cert. denied,* 507 U.S. 940, 113 S.Ct. 1336, 122 L.Ed.2d 720 (1993); *see also Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991) ("It is not the court's function to become an advocate for the pro se litigant.").

Defendants move to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(1), 12(b)(6).

a. *Subject Matter Jurisdiction.*

■ Federal courts are courts of limited jurisdiction. Mr. Dickerson, as plaintiff, bears the burden of establishing that the district court has subject matter jurisdiction of his claims. *See Henry v. Office of Thrift Supervision,* 43 F.3d 507, 512 (10th Cir. 1994); *Miller v. United States,* 710 F.2d 656, 662 (10th Cir.), *cert. denied,* 464 U.S. 939, 104 S.Ct. 352, 78 L.Ed.2d 316 (1983). Here, defendants do not challenge the factual support for plaintiff's jurisdictional allegations. Rather, defendants argue that plaintiff's factual allegations as to subject matter jurisdiction are insufficient as a matter of law to

establish the jurisdiction of this court. Therefore, "[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984); *see Holt v. United States,* 46 F.3d 1000, 1002 (10th Cir.1995). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *See Swanson,* 750 F.2d at 813.

b. *Failure To State A Claim.*

■ A court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). A court judges the sufficiency of the complaint by accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of plaintiff. *See Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987). "[T]he court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). The issue in resolving a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Complaints drawn by pro se litigants are held to a less stringent standard than those drafted by legal counsel. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). Nevertheless, a pro se complaint may be dismissed if it clearly fails to state a legally cognizable claim. *Id.*

**I. Subject Matter Jurisdiction/*Rooker–Feldman* Doctrine.**

■ We have reviewed plaintiff's complaint as it relates to all defendants under the *Rooker–Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 414–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The *Rooker–Feldman* doctrine bars "a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson*

*v. De Grandy,* 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). Federal district courts lack subject matter jurisdiction to evaluate constitutional claims that are inextricably intertwined with the state court's decisions. *See Feldman,* 460 U.S. at 486 ("Federal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.") (internal quotation omitted); *Williams Natural Gas Co. v. City of Oklahoma City,* 890 F.2d 255, 264–65 (10th Cir. 1989), *cert. denied,* 497 U.S. 1003, 110 S.Ct. 3236, 111 L.Ed.2d 747 (1990). The Supreme Court has held:

[A] federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987).

■ Plaintiff argues that he is not claiming that the state court wrongly decided the issues before it. After carefully reviewing plaintiff's amended complaint and his various memoranda, the court finds that plaintiff's federal claims are "inextricably intertwined" with the state court judgments entered by the Leavenworth County District Court. We cannot envision how plaintiff could obtain any relief based on his federal claims without a factual finding that the state court judgments entered against plaintiff were erroneous. Moreover, the state court judgments apparently are on appeal to the Kansas Court of Appeals, which further cautions the court not to exercise jurisdiction in this matter. To the extent plaintiff seeks to challenge the state court rulings on constitutional grounds, his only potential judicial remedy is with the United States Supreme Court. *See Feldman,* 460 U.S. at 482.

For the above reasons, the court concludes that subject matter jurisdiction is not present

in this case as to all defendants. In addition, for the reasons set forth below, plaintiff has failed to state a claim against any of the defendants. Dismissal of the case is appropriate for both reasons.

## II. Motions To Dismiss Of Defendants Waite, Duncan, Henderson, Bates, and Crow (Doc. 21, 29, 40).

Plaintiff has filed suit against the attorneys who represented him in the two state court actions (Mr. Waite, Duncan Senecal Law Offices, and Mr. Henderson) and the attorneys who represented the Leavitts (Mr. Bates of Crow, Clothier & Bates). Plaintiff's complaint is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988. Plaintiff also apparently has included a state law claim for conversion in his complaint (although he represents that he "has not raised any state law causes").

■ Section 1983 imposes liability for conduct carried out under the color of state law which deprives a plaintiff of "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. To prevail on a claim for damages for a constitutional violation pursuant to section 1983, à plaintiff must establish that a defendant acted under color of state law and caused or contributed to the alleged violation. See Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir.1996).

■ Plaintiff argues that defendants acted under color of law because attorneys are officers of the court and are essential to the primary function of administering justice. It is well-established law that a private attorney, though an "officer of the court," is not a state actor for purposes of section 1983. See Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir.1983); Phillips v. Fisher, 445 F.Supp. 552, 554 (D.Kan.1977). In addition, Mr. Dickerson has failed to set forth any facts sufficient to show a violation of the Fourth, Fifth, or Fourteenth Amendments to the United States Constitution. Plaintiff's bald allegations, even after being liberally construed, are insufficient. Accordingly, plaintiff has failed to state a claim pursuant to section 1983 against defendants Waite, Henderson, or Bates.

■ Plaintiff has named individual defendants Waite, Henderson, and Bates in both their personal and official capacities. These defendants, as private attorneys, are not governmental officials and therefore have no "official capacity." Plaintiff apparently sues Crow and Duncan based solely on their employment of defendants Bates and Henderson, respectively. Mr. Dickerson cannot base his section 1983 claim on the theory of *respondeat superior* because corporate defendants cannot be held vicariously liable for the acts of their servants under section 1983. See Taliaferro v. Voth, 774 F.Supp. 1326, 1330–31 (D.Kan.1991). In any event, the court, having found no underlying constitutional violation by Bates or Henderson, cannot impose liability on their employers, Crow and Duncan. See Webber v. Mefford, 43 F.3d 1340, 1344–45 (10th Cir. 1994) (citations omitted) ("A claim of inadequate training, supervision, and policies under section 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation by the person supervised.").

■ Mr. Dickerson also has brought a claim pursuant to 42 U.S.C. § 1985. After reviewing plaintiff's complaint and memoranda, plaintiff has not set forth any factual allegations which even remotely support a claim under section 1985, subsection (1) (preventing officer from performing duties) or subsection 2 (obstructing justice, intimidating party, witness, or juror). Accordingly, we will construe plaintiff's claim under 1985, subsection 3, which creates a cause of action against persons who conspire to deprive a person or class of persons equal protection or privileges. See Bisbee v. Bey, 39 F.3d 1096, 1102 (10th Cir.1994), cert. denied, 515 U.S. 1142, 115 S.Ct. 2577, 132 L.Ed.2d 827 (1995). To come within section 1985(3), a plaintiff must allege four elements: (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) the conspirators committed some act in furtherance of the conspiracy; and (4) the plaintiff was either injured in his person or property or was deprived of having and exercising any right or privilege of a citizen

of the United States. *See Griffin v. Breckenridge,* 403 U.S. 88, 103–04, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). The Tenth Circuit has held that, in order to support a claim under the statute, plaintiff must be a member of a statutorily protected class, and actions taken by defendants must stem from plaintiff's membership in that class. *See Silkwood v. Kerr–McGee Corp.,* 637 F.2d 743, 746–47 (10th Cir.1980), *cert. denied,* 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 111 (1981). There must be some racial or other class-based, invidiously discriminatory animus behind the conspirators' actions. *See Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 267–68, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993); *Carpenters v. Scott,* 463 U.S. 825, 838, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983); *Graham v. City of Oklahoma City, Okla.,* 859 F.2d 142 (10th Cir.1988); *Brown v. Reardon,* 770 F.2d 896 (10th Cir.1985). Plaintiff has failed to plead facts sufficient to establish (1) any racial or other class-based animus behind the alleged conspirators' acts, (2) any privilege or immunity he was denied, or (3) any acts in furtherance of the conspiracy. Plaintiff's mere conclusory allegations of a conspiracy with no supporting factual averments are insufficient to state a claim under section 1985(3). *See Sooner Prods. Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983); *Clulow v. State of Okla.,* 700 F.2d 1291, 1303 (10th Cir.1983); *Barger v. State of Kan.,* 620 F.Supp. 1432, 1436 (D.Kan.1985). The pleadings "must specifically present facts tending to show agreement and concerted action." *Sooner Products,* 708 F.2d at 512 (citing *Clulow,* 700 F.2d at 1303). We find that plaintiff has alleged no facts tending to show any agreement or concerted action among the defendants. Therefore, the court will grant defendants' motion to dismiss plaintiff's section 1985 claim for failure to state a claim.

 For these same reasons, the court finds that defendants also are entitled to summary judgment with respect to plaintiff's claim pursuant to section 1986. *See Santistevan v. Loveridge,* 732 F.2d 116, 118 (10th Cir.1984) (holding that there can be no valid claim under § 1986 in the absence of a conspiracy under § 1985). In addition, plaintiff's claim under section 1988 is moot given the court's rulings on his section 1983, 1985, and 1986 claims.

### III. Motion To Dismiss Of Judges Lacey And King (Doc. # 27).

 Plaintiff also has filed this action against The Honorable Phillip Lacey and The Honorable David J. King, Judges of the First Judicial District of the State of Kansas, pursuant to the same statutory provisions as the other defendants. A judge is immune from suits for civil damages based on (1) judicial acts (2) for which "the judge has at least a semblance of subject matter jurisdiction." *Lerwill v. Joslin,* 712 F.2d 435, 438 (10th Cir.1983). The factors relevant in determining whether an act is judicial "relate to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Mireles v. Waco,* 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (quoting *Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). After carefully reviewing plaintiff's complaint, his motions to strike, and his motions for default, we find no allegation that Judges Lacey or King were not acting in their judicial capacity with respect to their dealings with Mr. Dickerson. Further, Judges Lacey and King clearly had some semblance of jurisdiction in performing the various acts with respect to plaintiff. *Cf. Duty v. City of Springdale, Ark.,* 42 F.3d 460, 462 (8th Cir.1994) (There "is a clear absence of jurisdiction when a court of limited jurisdiction attempts to adjudicate a case outside of its jurisdiction, such as when a probate court conducts a criminal trial") (quotations omitted). Plaintiff has not alleged any factual predicate for his conclusory assertion that Judges Lacey and King had "no jurisdiction."

Plaintiff also argues that Judges Lacey and King made no response to plaintiff's complaint against them in their "personal capacity." As noted above, all of plaintiff's allegations involve actions of Judges Lacey and King in their judicial or official capacities. Judges Lacey and King are immune from such suits.

For the above reasons, the motion to dismiss of Judges Lacey and King will be granted.

## IV. Motions To Dismiss Of Defendants Leavenworth Board Of County Commissioners, Eldridge, Navinsky, Adams, Murray, Pendergraft, And Nye (Doc. # 17).

■ Mr. Dickerson has filed suit against the Board of Commissioners and its individual members Eldridge, Navinsky, and Adams because of the Board's refusal to allow Mr. Dickerson to reenter the leased premises to recover his property prior to the Sheriff's Sale. The Leavenworth County District Court entered judgment on February 28, 1997. Plaintiff was evicted from the leased premises on that same date. Therefore, plaintiff cannot state a cause of action under section 1983 based on the Board's actions in precluding plaintiff from reentering the premises pursuant to court order. *See Valdez v. City and County of Denver*, 878 F.2d 1285, 1288 (10th Cir.1989) ("Absolute immunity for officials assigned to carry out a judge's orders is necessary to insure that such officials can perform their function without the need to secure permanent legal counsel. A lesser degree of immunity could impair the judicial process."); *Harper v. Federal Land Bank*, 878 F.2d 1172, 1178 (9th Cir.1989), *cert. denied*, 493 U.S. 1057, 110 S.Ct. 867, 107 L.Ed.2d 951 (1990).

■ Plaintiff also has named Sheriff Nye in the complaint because he evicted plaintiff from the leased premises. The state court awarded the Leavitts immediate possession and a journal entry of judgment had been entered prior to plaintiff's eviction. Therefore, plaintiff has no cause of action for Sheriff Nye's actions in simply following a court order. *See Valdez, supra.*

■ Plaintiff also has named Sheriff Nye and two employees of the Sheriff's Department, defendants Murray and Pendergraft, because they failed to serve plaintiff with a writ of execution signed by Judge King on April 2, 1997. Although plaintiff apparently was not served, he filed a motion to stay the order of execution and sale, which the court subsequently granted upon the condition that plaintiff post a bond. Plaintiff posted the bond and the sale was stayed. Therefore, plaintiff cannot establish that defendants were the cause of any actionable injury as a result of the alleged failure to serve plaintiff with the writ of execution. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, ——, 117 S.Ct. 1382, 1389, 137 L.Ed.2d 626 (1997) (plaintiff must prove fault and causation to recover under section 1983).[1]

Plaintiff has failed to set forth any facts sufficient to show a violation of the United States Constitution. We also find that plaintiff's section 1985, 1986, and 1988 claims against these defendants are not cognizable for the same reasons as those stated with respect to the attorney defendants. *See supra* part II.

■ Plaintiff has sued Sheriff Nye and two employees of the Sheriff's Department in their official capacities, apparently in an attempt to hold the Sheriff's Department liable for its employees' actions. Plaintiff also has named the individual members of the Board of Commissioners in their official capacity in order to hold the Board liable for its members' conduct. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). The court finds no basis for plaintiff's claim against the employees of the Sheriff's Department or members of the Board of Commissioners in their official capacities because plaintiff cannot establish an underlying constitutional violation. *See Webber, supra.*

## V. Motions To Dismiss of Leavitt Rentals, Paul Leavitt, And Deborah M. Leavitt (Doc. # 39).

■ Mr. Dickerson apparently has named the Leavitts in his amended complaint

---

1. Plaintiff also claims that the Sheriff's Sale was commenced in violation of plaintiff's due process rights and applicable state statutes. Plaintiff has not offered any well-pleaded factual contentions supporting such a claim.

because they filed several actions against him for eviction from the leased premises and sale of his property. The Leavitts have not acted under color of law by simply filing lawsuits in state court against Mr. Dickerson. *See Schroder v. Volcker*, 646 F.Supp. 132, 135 (D.Colo.1986) (plaintiffs failed to state a claim under section 1983 based on defendants use of the foreclosure laws of the state to deprive plaintiffs of their property), *aff'd*, 864 F.2d 97 (10th Cir.1988); *Earnest v. Lowentritt*, 690 F.2d 1198, 1202 (5th Cir.1982) ("The fact that Louisiana permitted the foreclosure and subsequent sale of the Earnest land as the execution of a judgment obtained in the private adversary proceeding is not sufficient to raise the issue of state action."). Accordingly, plaintiff has failed to state a claim under section 1983 against the Leavitts.

We also find that plaintiff's section 1985, 1986, and 1988 claims against the Leavitts are not cognizable for the same reasons as those stated with respect to the attorney defendants. *See supra* part II.

■ Plaintiff has named Paul and Deborah Leavitt in their official capacity. The Leavitts are not governmental officials and therefore have no "official capacity." Plaintiff apparently sues Leavitt Rentals based solely on their employment or control of defendants Paul and Deborah Leavitt. As noted previously, Mr. Dickerson cannot base his section 1983 claim on the theory of *respondeat superior* because corporate defendants cannot be held vicariously liable for the acts of their servants under section 1983. *See Taliaferro v. Voth*, 774 F.Supp. 1326, 1330–31 (D.Kan.1991). In any event, the court, having found no underlying constitutional violation by Paul or Deborah Leavitt, cannot impose liability on their employer or company, Leavitt Rentals. *See Webber, supra.*

## VI. Plaintiff's State Law Claim.

■ Plaintiff's remaining claim against each defendant, except Judges Lacey and King, is a state law claim, apparently based on unlawful conversion of property. Given that no federal question remains in this case and diversity jurisdiction does not exist, the court in its discretion declines to exercise supplemental jurisdiction over plaintiff's state law claim. *See* 28 U.S.C. § 1367; *Sullivan v. Scoular Grain Co.*, 930 F.2d 798,

802–03 (10th Cir.1991). The court cannot find, and the parties have not noted, any unusual circumstances in this case justifying the court's retention of jurisdiction over this claim. *See Gullickson v. Southwest Airlines Pilots' Ass'n*, 87 F.3d 1176, 1187 (10th Cir. 1996) (state claims generally should be dismissed if all of the federal claims are dismissed before trial). The court accordingly will dismiss plaintiff's state law claim without prejudice.

## VII. Plaintiff's Motions For Default Judgment.

Plaintiff has filed motions for default judgment against most of the defendants. Plaintiff argues that these defendants have failed to plead, answer, or otherwise defend in accordance with the time specified in rule 12(a) of the Federal Rules of Civil Procedure. Each of the defendants filed a motion to dismiss, however, within the required time period. The filing of a motion to dismiss alters the period for filing an answer to ten days after notice of the court's order denying the motion or postponing its disposition until trial. *See* Fed.R.Civ.P. 12(a)(4)(A). Accordingly, plaintiff's motions will be denied.

IT IS THEREFORE ORDERED that the motions to dismiss of defendants Leavenworth Board Of County Commissioners, Eldridge, Navinsky, Adams, Murray, Pendergraft, And Nye (Doc. # 17), G. Ronald Bates, Jr. and Crow, Clothier and Bates (Doc. # 21), Judges Lacey And King (Doc. # 27), Michael J. Waite (Doc. # 29), Leavitt Rentals, Paul Leavitt, And Deborah M. Leavitt (Doc. # 39), Duncan Senecal Law Offices and Patrick E. Henderson (Doc. # 40) are granted.

IT IS FURTHER ORDERED that plaintiff's motions for entry of default (Doc. 24, 25, 26, 30, 32, 34, 36, 45, 47, 53, 62) are denied.

IT IS FURTHER ORDERED that plaintiff's motions to strike defendants' motions to dismiss (Doc. 43, 49, 51, 61) are denied. These motions have been considered as opposition memoranda to defendants' motions to dismiss.

IT IS FURTHER ORDERED that plaintiff's state law claim is dismissed without prejudice.